UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRESORO MINING CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAHIM JIVRAJ and his marital community with JANE DOE JIVRAJ and MERCER GOLD CORPORATION (British Columbia),<br><br>　　　　　Defendants. | CASE NO. C12-1325 MJP<br><br>ORDER GRANTING MOTION TO SET ASIDE DEFUALT |

THIS MATTER comes before the Court on Defendant's motion for the Court to reconsider (Dkt. No. 37) and Defendant's motion to set aside (Dkt. No. 39) the order of default entered against Defendant Mercer Gold Corporation (Dkt. No. 37), along with Plaintiff's motion for entry of default judgment (Dkt. No. 34). The Court considered all motions, all responsive briefings (Dkt. Nos. 41, 43, 45, and 47), and all related documents. The Court GRANTS Defendant's motion to set aside the default (Dkt. No. 39), DENIES Plaintiff's motion for entry of

default judgment (Dkt. No. 34), and DENIES Defendant's motion for reconsideration of default judgment (Dkt. No. 37) as moot.

### **Background**

Plaintiff Tresoro Mining Corporation ("Tresoro") brought suit against Defendants Mercer Gold Corporation ("Mercer Gold"), a Canadian corporation, and Rahim Jivraj, an individual, on August 3, 2012. (Dkt. No. 1.)  The parties submitted a Joint Status Report on November 16, 2012, indicating Jivraj intended to represent himself, as well as the corporate defendant, pro se. (Dkt. No. 15 at 1.) On November 30, 2012, the Court issued a Minute Order advising corporate Defendant Mercer Gold it must obtain counsel admitted to practice in this District to proceed in the litigation within 30 days of the order. (Dkt. No. 17.)

On December 31, 2012, Defendant Jivraj submitted a motion to stay the case 60 days for the corporate Defendant to retain counsel or to allow Jivraj to represent the corporation pro se. (Dkt. No. 19 at 3.) The Court granted the motion in part, staying the case for 60 days for Mercer Gold to retain counsel but not allowing Jivraj to represent the corporation pro se. (Dkt. No. 24 at 1.) Jivraj appealed the order to the 9th Circuit (Dkt. No. 25) and filed a motion to stay pending appeal (Dkt. No. 28) on February 23, 2013, less than 10 days before the March 1, 2013 expiration of the stay. On March 27, 2013, Plaintiff filed a motion for default against Mercer Gold. (Dkt. No. 29.) The Court granted the motion and entered an order of default on March 28, 2013. (Dkt. No. 31.)

Defendant's appeal was dismissed by the 9th Circuit because the order being appealed was not final or appealable on April 1, 2013. (Dkt. No. 32.) Plaintiff entered a motion for default judgment on April 4, 2013. (Dkt. NO. 33.) The Court denied the motion to stay pending appeal on April 10, 2013. (Dkt. No. 40). Earlier that same day, attorney Wright A. Noel appeared on

behalf of all Defendants, including corporate defendant Mercer Gold. (Dkt. No. 36.) Defendant Mercer Gold, through counsel, submitted a simultaneous motion for reconsideration of the order of default (Dkt. No. 37) and motion to set aside default (Dkt. No. 39), reaching identical issues. This Order addresses all three motions related to Mercer Gold's default.

## Analysis

### A. Standard

The proper mechanism for having an order of default vacated is a motion to set aside default under Federal Rule of Civil Procedure 55(c). Under Fed. R. Civ. P. 55(c), a court may set aside an entry of default for "good cause." A district court has discretion to set aside entry of default, and "[t]he court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986). "As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).

As guidance for determining good cause, a court may look to the criteria for setting aside a default judgment under Fed. R. Civ. P. 60(b), developed in the case Falk v. Allen, 739 F.3d 461, 463 (9th Cir. 1984). Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). These include "whether (1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and (3) the defendant's culpable conduct led to the default." Id. The Falk factors are to be liberally construed when used on a motion for relief from entry of default, rather than relief from default judgment. Hawaii Carpenters' Trust Funds, 794 F.2d at 513.

### B. Application

1  Each Falk factor is applied to the facts of this case below.  Based on the 9th Circuit
2 standards, the Court finds good cause to set aside the order of default.
3    a. Prejudice
4  The first Falk factor weighs in favor of Defendant. In applying the prejudice factor, the
5 analysis is whether the Plaintiff's ability to pursue its claim will be hindered. Falk, 739 F.3d at
6 463.  Plaintiff argues prejudice by claiming potential loss of business opportunities if the default
7 is set aside. (Dkt. No. 45 at 7.) Plaintiff only alleges harm curable by financial compensation.
8 (Id.) Setting aside the default will not prevent Plaintiff from pursuing its claims, and if Plaintiff is
9 victorious, setting aside the default will not prevent Plaintiff from being fully compensated. This
10 factor weighs in favor of setting aside the default.
11    b. Meritorious Defense
12  The second Falk factor also weighs in favor of Defendant. To show a meritorious
13 defense, "a defendant seeking to vacate a default judgment must present specific facts that would
14 constitute a defense" but the burden is "not extraordinarily heavy." TCI Grp. Life Ins. Plan v.
15 Knoebber, 244 F.3d 691, 700 (9th Cir. 2001). When "timely relief is sought from a default" any
16 question that the movant has a meritorious defense should be resolved in favor of setting aside
17 the default.  O'Connor v. Nevada, 27 F.3d 357, 357 (9th Cir. 1994).
18  Defendant spends much of his argument claiming this Court does not have personal
19 jurisdiction over Mercer Gold because Mercer Gold is a Canadian corporation, has no presence
20 in Washington, and has no interaction with Washington residents. (Dkt. No. 37 at 5.) Mercer
21 Gold further alleges it has "no office in the U.S., has never done business in the U.S., holds no
22 property in the U.S., has no employees in the U.S., has no investors in the U.S., and has no other
23 presence of any kind in the U.S." (Dkt. No. 48 at 1.) Plaintiff argues this is inapposite because it
24

brings claims under the Securities Exchange Act of 1934, which provides exclusive federal jurisdiction over federal securities claims. 15 U.S.C. §78aa.

The Securities Exchange Act of 1934 grants exclusive jurisdiction to federal courts for claims brought under the Act and provides for venue and nationwide service of process. Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1313 (9th Cir. 1985). The 9th Circuit has held because the Securities Exchange Act provides for nationwide service of process, so long as the defendant has sufficient minimum contacts with the United States, the Act confers personal jurisdiction over the defendant in any federal district court. Id. at 1316. However, in assessing personal jurisdiction a court must not go beyond the bounds of the due process clause of the Fifth Amendment; minimum contacts can only be acquired "where defendant has acted within any district of the United States or sufficiently caused foreseeable consequences in this country." Id. Because the personal jurisdiction defense involves issues of fact, it deserves adjudication on the merits.

Mercer Gold raises several other defenses, including Mercer Gold did not induce Plaintiff into anything, but was instead defrauded by Plaintiff, Mercer Gold never made untrue statements about Plaintiff, Plaintiff has no interest in the property at issue, Plaintiff is retaliating against individual Defendant Jivraj as a whistleblower, and Plaintiff is in default of the Option agreement in question. (Dkt. No. 37 at 6.) In light of the 9th Circuit preference for determining cases on their merits, this factor weighs in favor of vacating the order of default.

c. Culpable Conduct

The third Falk factor weighs in favor of Plaintiff. To assess culpable conduct, a court must take into account all relevant circumstances and make an equitable determination. Brandt v. Am. Bankers Ins. Co., 653 F.3d 1108, 1111 (9th Cir. 2011). Conduct is culpable for the purposes

of <u>Falk</u> factors when "there is no explanation of the default inconsistent with devious, deliberate, willful, or bad faith failure to respond." <u>TCI Grp. Life Ins. Plan</u>, 244 F.3d at 698. Defendant Jivraj argues his failure to obtain counsel for the corporate defendant Mercer Gold was due to time constraints imposed by ongoing litigation in Canada, and his inability to find affordable appropriate counsel. (Dkt. No. 38 at 4.) He argues he spoke with "more than six attorneys" before speaking to the counsel ultimately obtained after the default order was entered. (<u>Id</u>.)

The record, however, indicates a willful and deliberate attempt to delay proceedings. Mercer Gold was given not 60, but 90 days between two Court orders to find counsel. (Dkt. Nos. 17, 24.) Rather than obtaining counsel in the allotted time, Mercer Gold and individual Defendant Jivraj attempted to delay proceedings by filing a frivolous appeal and a motion to stay pending appeal just days before the expiration of the Court ordered stay. (Dkt. Nos. 25, 28.) Only after default was entered did Mercer Gold retain counsel. (Dkt. No. 36.) Mercer Gold had ample time to comply with the Court's orders, and failed to do so. In light of the totality of circumstances, the Court finds culpable conduct. However, as the only <u>Falk</u> factor weighing in favor of Plaintiff, Defendant's culpable conduct is not so severe as to warrant maintaining the default despite lack of prejudice and a meritorious defense.

## **Conclusion**

In light of a liberal application of the <u>Falk</u> factors and the preference of the 9th Circuit for considering cases on their merits, Defendant shows good cause for the Court to set aside the order of default despite some level of culpability. Plaintiff will not be prejudiced by setting aside the default and Defendant may have a meritorious defense warranting a decision on its merits. Defendant's culpable conduct is not so severe to warrant maintaining the default. The Court GRANTS Defendant's motion to set aside the default (Dkt. No. 39), and DENIES Plaintiff's

1  motion for entry of default judgment (Dkt. No. 34). The Court DENIES Defendant's motion for

2  reconsideration of default judgment (Dkt. No. 37) as moot.

3      The clerk is ordered to provide copies of this order to all counsel.

4      Dated this 13th day of May, 2013.

                                                    Marsha J. Pechman
                                                  Chief United States District Judge

ORDER GRANTING MOTION TO SET ASIDE
DEFUALT- 7